**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| **FCCI INSURANCE COMPANY** ) | |
| **6300 University Parkway** ) | |
| **Sarasota, FL 34240** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | |
| **HOSPITALITY CONSTRUCTION** ) | |
| **SERVICES, INC.** ) | |
| **840 Lake Varuna Mews** ) | |
| **Gaithersburg, MD 20878** ) | |
| ) | |
| **Serve: Robert M. Sissman, Esq.,** ) | |
| **Registered Agent** ) | |
| **Fracassi Mahdavi Sissman & Rand LLP** ) | |
| **600 Jefferson Plaza, Suite 308** ) | |
| **Rockville, MD 20852** ) | |
| ) | |
| **and** ) | |
| ) | |
| **ROBERT S. MESCOLOTTO** ) | |
| ) | |
| **Serve:** ) | |
| **840 Lake Varuna Mews** ) | |
| **Gaithersburg, MD 20878** ) | |
| ) | |
| **and** ) | |
| ) | |
| **TRACY L. MIDDLETON** ) | |
| ) | |
| **Serve:** ) | |
| **840 Lake Varuna Mews** ) | |
| **Gaithersburg, MD 20878** ) | |
| ) | |
| **and** ) | |
| ) | |
| **SHAWN D. JOHNSTON** ) | |
| ) | |
| **Serve:** ) | |
| **12187A Overlook Drive** ) | |
| **Monrovia, MD 21770** ) | |

| | |
|---|---|
| **and** | ) |
| | ) |
| **SAMANTHA JOHNSTON** | ) |
| | ) |
| **Serve:** | ) |
| **12187A Overlook Drive** | ) |
| **Monrovia, MD 21770** | ) |
| | ) |
| **Defendants.** | ) |
| ———————————————————— | ) |

## COMPLAINT – CIVIL ACTION

Plaintiff FCCI Insurance Company ("FCCI"), by counsel, and hereby states the following as its Complaint against Defendants Hospitality Construction Services, Inc., Robert S. Mescolotto, Tracy L. Middleton, Shawn D. Johnston, and Samantha Johnston (collectively, "Defendants" or "Indemnitors").

## PARTIES AND JURISDICTION

1.      Plaintiff FCCI is a company duly organized and existing under the laws of Florida with its principal place of business in Sarasota, Florida. FCCI is authorized to transact business in Maryland.

2.      Upon information and belief, Hospitality Construction Services, Inc. ("Hospitality") is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Gaithersburg, Maryland.

3.      Upon information and belief, Defendant Robert S. Mescolotto is a citizen of the state of Maryland.

4.      Upon Information and belief, Defendant Tracy L. Middleton is a citizen of the state of Maryland.

5.      Upon information and belief, Defendant Shawn D. Johnston is a citizen of the state of Maryland.

6.      Upon information and belief, Defendant Samantha Johnston is a citizen of the state of Maryland.

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship of the parties hereto and because the amount in controversy exceeds $75,000.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the Defendants' principal place of business is in this judicial district.

## FACTUAL ALLEGATIONS

9.      This Complaint seeks to enforce the rights of FCCI, as a surety, under a General Indemnity Agreement executed on January 25, 2022 (the "Indemnity Agreement"), and to compel the specific performance of the respective contractual obligations of the Defendants to exonerate and indemnify FCCI by: (a) reimbursing FCCI for the losses or expenses FCCI has incurred and continues to incur; (b) paying FCCI all premiums and charges on bonds; (c) depositing funds that FCCI deems sufficient to discharge all losses or expenses incurred by FCCI and for which FCCI continues to incur; (d) providing immediate access to FCCI of each Indemnitors' books, records, accounts, documents, computer software and other electronically-stored financial information. A true and correct copy of the January 2022 Indemnity Agreement is attached hereto and incorporated herein as **Exhibit A**.

10.     In 2022, Defendants requested that FCCI issue performance and payment bonds in connection with a subcontract agreement between Therrien Waddell, Inc. ("Therrien Waddell") and Hospitality in the amount of $500,000.

11.     One of the considerations for FCCI in issuing the Bonds was that Hospitality and the individual indemnitors agreed to enter into the Indemnity Agreement.

12.     The Indemnitors executed the Indemnity Agreement and FCCI issued the Bonds with a penal sum of $500,000 on or about January 2022. Hospitality subsequently entered into the subcontract with Therrien Waddell in January 2022 ("Subcontract").

13.     Less than three (3) months after entering into the $500,000 Subcontract with Therrien Waddell, Hospitality and Therrien Waddell increased the subcontract amount by $7,455,067 via a single change order, and without notice to FCCI. The bilateral Change Order increased the scope of work beyond what FCCI originally contemplated and approved – an increase of FCCI's financial risk by 1491%.

14.     Hospitality did not provide FCCI any notice of this cardinal change to the Subcontract that FCCI bonded. Without notice of this material change, FCCI was deprived of the opportunity to properly investigate or perform an underwriting review of Hospitality's capacity, credit and character to successfully undertake a $7.9M commercial renovation. Additionally, Hospitality's action increased the probability of a claim or demand against the Bond.

15.     At the time FCCI issued the Bond, Hospitality paid a bond premium of $15,000, which corresponds to the initial Bond and Subcontract value of $500,000. However, the premium FCCI would have required Hospitality to pay for a bond in the amount of $7.9M at that time was $120,000.

16.     Under the terms of the Indemnity Agreement, the Defendants specifically agreed to indemnify and exonerate FCCI, and to deposit with FCCI collateral security as soon as liability exists or is asserted against FCCI as a result of FCCI's issuance of any bonds. The Indemnitors agreed: "[t]o exonerate, indemnify, defend and hold harmless Surety from and against any and all liabilities ***or potential liability***, losses, costs, damages, fees, interest or expenses of whatever

nature, including consultants' or attorneys' fees and expenses, incurred." *See* **Exhibit A**, section II(A) (Emphasis added).

17.     Under the terms of the Indemnity Agreement, the Defendants also agreed that "upon Surety's request, Indemnitors shall immediately turn over to Surety, or its designee, at a time, place and manner determined by Surety, books, records, accounts, documents, computer software and other electronically-stored financial and other information of each of indemnitors, upon Surety's request at its sole discretion." *See* **Exhibit A**, section IV(J).

18.     On January 20, 2022, and in reliance on the Indemnity Agreements, FCCI, as surety issued two surety bonds on behalf of Hospitality:

      a.     Payment Bond No. 2201220 (the "Payment Bond") in the penal sum of $500,000, naming Therrien Waddell as owner, Hospitality the principal, and FCCI as the surety guaranteeing to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract; and

      b.     Performance Bond No. 2201220 (the "Performance Bond") in the penal sum of $500,000, naming Therrien Waddell as owner and FCCI as the surety and guaranteeing the performance of Hospitality's completion of its scope of work at the Project.

True and correct copies of the Payment Bond and Performance Bond (collectively, the "Bonds") are attached hereto and incorporated herein as **Exhibit B**.

19.     Certain subcontractors of Hospitality have alleged that Hospitality defaulted on Hospitality's obligations under the Bonds and have made claims to FCCI on the Bonds.

20.     The Payment Bond claims required FCCI (and its consultants or third parties) to investigate, analyze, and make determinations on those claims and attendant exposure.

21.     Additionally, the owner of the Project determined that Therrien Waddell did not complete its contractual obligations with respect to the completion of the work under the prime contract. Therrien Waddell, in turn, alleged that Hospitality had not completed its contractual obligations or scope of work. Therefore, FCCI faced, and continues to face, exposure to liability pursuant to the Performance Bond it issued guaranteeing the completion of the Subcontract – now valued at almost ten million dollars ($10,000,000).

22.     FCCI has made written demands, requests, and notices to Hospitality that it provide FCCI with information and project records concerning all existing and potential Payment and Performance Bond claims and liabilities. Defendants have refused to provide the necessary information.

23.     FCCI has made written demands, requests, and notices to Hospitality that it reimburse FCCI for the payment of its attorneys' fees incurred in evaluating and responding to the claims. Defendants have refused to reimburse FCCI.

24.     Defendants defaulted on their obligations pursuant to the Indemnity Agreement by failing to indemnify FCCI, failing to reimburse FCCI for FCCI's losses, failing to provide FCCI with collateral, failing to provide financial information, and failing to advise or otherwise provide notice to FCCI of the cardinal change to Hospitality's Subcontract or pay the increased premiums required on a $9,875,569 contract.

25.     As a result of the defaults by Defendants, FCCI has incurred losses and continues to incur losses, and remains exposed to additional losses.

26.     FCCI provided each of the Defendants with written notice of the losses suffered by FCCI by virtue of having issued the Bonds and demanded that the Defendants indemnify and reimburse FCCI for those losses. FCCI has also demanded that the Defendants provide FCCI with collateral to provide FCCI with security for FCCI's losses and attorneys' fees and costs.

27.     To date, and despite demand, the Defendants have failed and refused to indemnify and reimburse FCCI for the losses incurred by FCCI arising out of having issued the Bonds, and have refused to provide financial documents that FCCI has requested.

28.     All conditions precedent to filing this lawsuit have been satisfied and/or waived.

**COUNT I**
**BREACH OF CONTRACT – INDEMNITY AGREEMENT**
**(Against All Defendants)**

29.     Paragraphs 1 through 28 above are incorporated by reference as if fully set forth herein.

30.     Under the express terms of the Indemnity Agreement, Defendants are jointly and severally liable to FCCI for all liability, loss, claims, demands, attorney's fees, costs, and expenses of every kind and nature, including investigation, incurred by FCCI arising out of FCCI having issued the bonds.

31.     FCCI has suffered and continues to suffer loss, claims, attorneys' fees, costs and expenses arising out of FCCI having issued the Bonds.

32.     FCCI gave notice of its claim to the Defendants and demanded that the Defendants indemnify and make FCCI whole for all liability, loss, claims, demands, attorneys' fees, costs, and expenses incurred by FCCI.

33.     Defendants have failed to honor their obligations arising under the express terms of the Indemnity Agreement.

34.     The Defendants' failure to indemnify FCCI constitutes a material breach of their indemnity obligations and of the Indemnity Agreement.

35.     FCCI is entitled to contractual indemnification, jointly and severally, from the Defendants for all liability, loss, claims, demands, attorneys' fees, costs, and expenses incurred by FCCI arising out of the Bonds and the Indemnity Agreement, including the attorneys' fees and expenses of bringing this action.

WHEREFORE, Plaintiff FCCI Insurance Company respectfully requests that this Court enter judgment in its favor and against Defendants Hospitality Construction Services, Inc., Robert S. Mescolotto, Tracy L. Middleton, Shawn D. Johnston, and Samantha Johnston, jointly and severally, in an amount to be proven at trial but expected to be in excess of $105,000, together with interest, costs, and FCCI's attorneys' fees and expenses in bringing this action, as well as any further relief this Court deems just and proper.

## COUNT II
## SPECIFIC PERFORMANCE FOR COLLATERAL DEMANDS
### (Against Hospitality)

36.     Paragraphs 1 through 28 above are incorporated by reference as if set forth in full herein.

37.     In accordance with the Indemnity Agreement, FCCI demanded that Hospitality provide certain financial information related to the underlying project, namely waivers, releases, proof of payment, and settlement agreements.

38.     Despite FCCI's demands, Hospitality has failed and refused to provide FCCI the requested financial documents.

WHEREFORE, Plaintiff FCCI Insurance Company respectfully requests this Court order Defendant Hospitality Construction Services, Inc. to provide FCCI the documents requested by FCCI, and order any further relief this Court deems just and proper.

## COUNT III
## <u>SPECIFIC PERFORMANCE FOR PAYMENT OF PREMIUMS</u>
### (Against All Defendants)

39.     Paragraphs 1 through 28 above are incorporated by reference as if set forth in full herein.

40.     Under Section II(B) of the Indemnity Agreement, Defendants agreed to "pay Surety all premiums and charges on Bonds issued on Indemnitor's behalf."

41.     Defendants have failed to pay the premiums associated with bonds that covered a bond sixteen (16) times larger than the Bond as FCCI originally issued on behalf of Hospitality.

42.     The additional premium owed for a bond in the amount agreed to by Hospitality and Therrien Waddell is $105,000.

43.     Defendants have not paid to FCCI this additional premium.

WHEREFORE, Plaintiff FCCI Insurance Company respectfully requests this Court enter judgment in its favor and against Defendants Hospitality Construction Services, Inc., Robert S. Mescolotto, Tracy L. Middleton, Shawn D. Johnston, and Samantha Johnston, jointly and severally, and order that the Defendants immediately pay to FCCI Insurance Company unpaid premiums in the amount of $105,000, and order any further relief this Court deems just and proper.

DATED: April 19, 2024                          Respectfully Submitted,

                                               **FCCI INSURANCE COMPANY**

                                                /s/ *Lauren P. McLaughlin*
                                               Lauren P. McLaughlin, Esq.
                                               Maryland Bar No. 17985
                                               *Counsel for Plaintiff FCCI Insurance Company*
                                               SMITH, CURRIE & HANCOCK LLP
                                               1921 Gallows Road, Suite 850
                                               Tysons, Virginia 22182
                                               Telephone: (703) 506-1990
                                               Facsimile: (703) 506-1140
                                               lpmclaughlin@smithcurrie.com